IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE MENDOZA, | : | No. 08-cv-2211 |
| Petitioner, | : | |
| v. | : | |
| THE DISTRICT DIRECTOR FOR IMMIGRATION CUSTOM ENFORCEMENT, THE DEPT. OF HOMELAND SECURITY AND THE ATTORNEY GENERAL OF THE UNITED STATES, and WARDEN THOMAS HOGAN, | : | Judge John E. Jones III  (Magistrate Judge Smyser) |
| Respondents. | : | |

**MEMORANDUM**

May 14, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smsyer (Rec. Doc. 8) which recommends that we deny Petitioner Jorge Mendoza's petition of writ habeas corpus made pursuant to 28 U.S.C. § 2241. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by April 6, 2009. To this date, none have been filed.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Petitioner Jorge Mendoza ("Petitioner" or "Mendoza") filed the instant habeas petition on December 10, 2008 challenging his detention in York County Prison. Through a well-reasoned R&R dated March 18, 2009, Magistrate Judge

Smsyer recommended that we deny said petition since Mendoza is not in the custody of the United States Immigration and Customs Enforcement ("ICE").

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice. An appropriate Order will enter.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE MENDOZA, | : | CIVIL NO. **4:CV-08-2211** |
| Petitioner | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| THE DISTRICT DIRECTOR FOR IMMIGRATION CUSTOM ENFORCEMENT, THE DEPARTMENT OF HOMELAND SECURITY AND THE ATTORNEY GENERAL OF UNITED STATES, WARDEN THOMAS HOGAN | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

On December 10, 2008, the petitioner, a prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is challenging his detention in the York County Prison. The petitioner contends that he is in the custody of the United States Immigration and Customs Enforcement ("ICE").

By an Order dated January 6, 2009, we directed service of the petition and ordered that the respondents show cause why the petitioner should not be granted habeas corpus relief. The Order of January 6, 2009 provided that the petitioner may file a reply to the response to the show cause order within ten days of the filing of the response.

On January 26, 2009, the respondents filed a response to the petition for Writ of Habeas Corpus. The petitioner has not filed a reply.

The petitioner alleges the following facts. The petitioner is a native and citizen of Mexico and has been in the United States for over thirteen years. (Doc. No. 1 at 16). The petitioner applied for asylum in 2001 or 2002 and received a work permit for about six to seven years. (*Id.* at 26).

On October 24, 2008, the petitioner violated his probation and was sentenced to a six month term with work release. (Doc. No. 1 at 26). After two weeks of work release, ICE issued a detainer against the petitioner stating that an "[i]nvestigation has been initiated to determine whether [the petitioner] is subject to removal from the United States." (Doc. 7-2, at 2).

The petitioner, in a form petition, claims that his continued detention at the York County Prison is in violation of his federally protected rights. The petitioner relies on *Zadvydas v. Davis,* 533 U.S. 678, 702 (2001)(holding that "six" months is the preemptively reasonable period during which ICE may detain an alien in order to effectuate his or her removal).

The respondent argues that the petition must be dismissed because the petitioner is not in the custody of ICE. We agree.

> 28 U.S.C. § 2241(c) provides, in pertinent part:
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless -
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

The respondent correctly argues that the petitioner has not demonstrated that he is "in custody" as required by 28 U.S.C. § 2241(c). The respondent stresses that the petitioner concedes that he is being held in York County custody for violating his parole. (Doc. No. 7 at 5). Consequently, as the respondent argues, the petitioner is being held not as a result of the detainer, but pursuant to his York County conviction.[1] (*Id.* at 6).

---

[1] To the extent that the petitioner seeks to challenge his York County conviction he must proceed, if at all, under 28 U.S.C. § 2254.

3

The petitioner is not in the custody of ICE. A writ of habeas corpus may only extend to an alien if he or she is "in custody" pursuant to an ICE detainer. *Green v. Apker*, 153 Fed. Appx. 77, 79, 2005 WL 2642119 (3d Cir. 2005). As noted by the respondent, "[A] prisoner who is serving a criminal sentence is not in ICE custody simply because the ICE has lodged a detainer against him with the prison where he is incarcerated." *Adams v. Apker*, 148 Fed. Appx. 93, 95, 2005 WL 2082919, *2 (3d Cir. 2005); see also *Garcia v. INS*, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990)(ruling that the "lodging of a detainer does not subject [a] petitioner to [ICE] custody" and, as a result, the petitioner could not file for habeas corpus relief). The petitioner in this case is not in ICE custody. Accordingly, the instant petition should be dismissed pursuant to 28 U.S.C. § 2241(c).

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed pursuant to 28 U.S.C. § 2241(c) and that the case file be closed.

/s/ *J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE MENDOZA, | CIVIL NO. **4:CV-08-2211** |
| Petitioner | (Judge Jones) |
| v. | (Magistrate Judge Smyser) |
| THE DISTRICT DIRECTOR FOR IMMIGRATION CUSTOM ENFORCEMENT, THE DEPARTMENT OF HOMELAND SECURITY AND THE ATTORNEY GENERAL OF UNITED STATES, WARDEN THOMAS HOGAN | |
| Respondents | |

**NOTICE**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.